UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAFWAT QASHQEESH,

    Plaintiff,                :    Case No. 2:20-cv-3776

    -vs-                       Judge Sarah D. Morrison
                            Magistrate Judge Kimberly A. Jolson

MONSTER BEVERAGE CORP.,
et al.,
                              :

    Defendants.

## OPINION AND ORDER

This matter is before the Court upon Defendants Monster Beverage Corporation, Monster Energy Company, and Energy Beverages, LLC's Motion to Dismiss the Complaint (ECF No. 2), Plaintiff Safwat Qashqueesh's Response in Opposition (ECF No. 14), and Defendants' Reply (ECF No. 20). For the reasons that follow, the Court **DENIES in part** and **GRANTS in part** Defendants' Motion.

### I.    FACTUAL ALLEGATIONS

The following facts are alleged in the Complaint.

Defendants Monster Beverage Corporation, Monster Energy Company, and Energy Beverages, LLC, all Delaware entities with their principle places of business in California, own, license, manufacture, supply, and distribute a brand of coffee drink known as Java Monster. (Compl., ¶¶ 4–7, ECF No. 7.) Defendants control and operate the facilities at which the Java Monster drink is canned. (*Id.* ¶ 8.) Once sealed, the cans remain in the control and custody of Defendants until distribution

1

for sale throughout the United States. (*Id.* ¶ 9.)

On February 11, 2019, Plaintiff Safwat Qashqeesh, an Ohio resident, purchased a sealed can of the Java Monster drink. (*Id.* ¶ 9.) Plaintiff opened the can and drank substantially all of it before he noticed an unusual weight to the can. (*Id.* ¶ 10.) Upon discarding the remaining beverage and inspecting the inside of the can, Plaintiff discovered a dead rodent. (*Id.*) He immediately became violently ill and developed ongoing epigastric issues, as well as a throat infection requiring hospitalization. (*Id.*)

At no time between purchasing the Java Monster drink and opening it was the drink outside Plaintiff's observation and possession. (*Id.* ¶ 11.) Further, at no time did Plaintiff have the opened can anywhere a rodent could have entered it. (*Id.*)

Plaintiff filed a complaint in the Franklin County Court of Common Pleas alleging negligence, negligence *per se*, statutory and common law product liability, and breach of warranty. (ECF No. 7.) Thereafter, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, moving to dismiss the Complaint for failure to state a claim. (ECF No. 2.) Plaintiff responded (ECF No. 14), and Defendants filed a reply brief (ECF No. 20). Defendants' Motion is now ripe for review.

II.   **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### III.   ANALYSIS

Plaintiff expressly concedes that the Court should dismiss his negligence claim (Count I) and does not oppose Defendants' Motion to Dismiss his common law product liability claim (Count IV) and breach of implied warranty claim (Count VI).[1]

---

[1]   There is no Count V in the Complaint. Plaintiff labels the fifth claim as Count VI.

3

Such lack of opposition is viewed as acquiescence, which warrants dismissal of the claims. Accordingly, Counts I, IV, and VI are **DISMISSED**. Thus, the only claims for analysis are Plaintiff's claims for negligence *per se* (Count II) and statutory product liability (III).

### A. Negligence *Per Se*

Plaintiff alleges that Defendants were negligent *per se* because the Java Monster drink contained rodent contamination, which constitutes an adulterated product and/or contains an unreasonably dangerous and deleterious substance unfit for human consumption in violation of Ohio's Pure Food and Drug Law, Ohio Rev. Code § 3715.01 *et seq.* (Compl. ¶ 16.) Defendants argue that the Ohio Product Liability Act ("OPLA") expressly abrogates this claim.

All claims arising from the manufacturing, warranty, or representation of a product are to be treated as "product liability claims" and are, therefore, governed by the OPLA. *McManus v. Smith & Nephew, Inc.*, No. 3:19-cv-066, 2020 WL 127702 at *2 (S.D. Ohio Jan. 10, 2020). The OPLA eliminated all common law product liability causes of action. This means that all common law claims, including negligence actions, have been abrogated by the OPLA. *See Tolliver v. Bristol-Myers Squibb Co.*, No. 1:12CV00754, 2012 WL 3074538 at *2 (N.D. Ohio July 30, 2012); *Boroff v. ALZA Corp.*, 685 F. Supp. 2d 704, 711 (N.D. Ohio 2010).

Alleging a violation of the Ohio Pure Food and Drug Law, however, is not a common law product liability cause of action. The plaintiff in *Donley v. Pinnacle Food Groups, LLC* brought claims under both the Ohio Pure Food and Drug Law

4

and the OPLA. No. 2:09-cv-540, 2010 WL 1031914 at *1 (S.D. Ohio March 17, 2010). The Court in that case treated the two claims as separate counts, concluding that a violation of the Ohio Pure Food and Drug Law was statutory negligence *per se*. *Id.* at *1–2. Therefore, because the negligence *per se* claim was brought under the Ohio Pure Food and Drug Law, instead of the OPLA, the Court allowed the claim in that case. Here too, Plaintiff brings an Ohio Pure Food and Drug Law claim, and the Court will treat it as a permissible statutory negligence *per se* claim.

Accordingly, the statutory negligence *per se* claim is not abrogated by the OPLA. Defendants' Motion is **DENIED** as to Plaintiff's second claim for relief.

**B.    Statutory Product Liability**

Plaintiff also brings an OPLA claim. Plaintiff claims that Defendants' manufacture, design, and failure to warn of the Java Monster drink's defective condition constitutes a violation of the OPLA. Defendants argue that Plaintiff has failed to state a claim under the OPLA. They argue that Plaintiff did not assert more than minimal and speculative allegations concerning the Java Monster drink, arguing that Plaintiff merely parroted sections of the OPLA in reference to his allegation instead of actually citing to the OPLA.

In order to state an OPLA claim, a plaintiff must go beyond a mere recitation of the statute. In *Foust v. Stryker Corp.*, the plaintiff alleged that the product, in her case a hip implant, was defective when it failed after being surgically implanted. No. 2:10-cv-00005, 2010 WL 2572179, at *1 (S.D. Ohio June 22, 2010). The plaintiff in that case included a description of the product in question that identified it by

5

reference and lot numbers and referenced the section of the Ohio Revised Code in which the OPLA is codified. *Id*. The court found such allegations to be sufficient because they went beyond a mere recitation of the statute by stating that the product failed as a result of being defective. *Id*. at *5. The court found the complaint supported a plausible inference that the defendant had "designed and/or manufactured a defective product." *Id*.

In this case, Plaintiff has done everything that the plaintiff in *Foust* did. He has specified the product in question by including the UPC number (Compl. ¶ 9), and referenced the OPLA sections at issue (*Id*. ¶ 28). He also went beyond a mere recitation of the statute by stating that his injuries were caused by the failure of the product. (*Id*. ¶ 29.). Therefore, Plaintiff has sufficiently stated an OPLA claim.

Accordingly, Defendant's Motion is **DENIED** as to Plaintiff's third claim for relief.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss as to Counts II and III and **GRANTS** Defendants' Motion as to Counts I, IV, and VI. (ECF No. 2.) Counts I, IV, and VI of the Complaint are **DISMISSED.** (ECF No. 7.)

**IT IS SO ORDERED.**

                 /s/ Sarah D. Morrison
                 SARAH D. MORRISON
                 UNITED STATES DISTRICT JUDGE