IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SAFWAT QASHQEESH,**

    **Plaintiff,**

  v.                                                      **Civil Action 2:20-cv-3776**
                                                        **Judge Sarah D. Morrison**
                                                        **Magistrate Judge Jolson**

**MONSTER BEVERAGE
CORPORATION, et al.,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the parties' request for a protective order. For the reasons that follow, the Court **ADOPTS** Defendants' proposal.

### I.    BACKGROUND

On November 10, 2020, the Court Ordered the parties to file a proposed, agreed protective order on or before November 23, 2020, or if such an agreement could not be reached, to submit separate proposed protective orders. (Doc. 30). The parties did not reach an agreement and submitted separate proposed protective orders to the Court on November 23, 2020. This issue is now ripe for resolution.

### II.    STANDARD

A district court may grant a protective order preventing the production of discovery to protect a party or entity from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "To sustain a protective order under Rule 26(c), the moving party must show 'good cause' for protection from one (or more) harms identified in Rule 26(c)(1)(A) 'with a particular and specific demonstration of fact, as distinguished from stereotyped

and conclusory statements.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016), *cert. denied sub nom. Fears v. Kasich*, 138 S. Ct. 191, 199 L.Ed. 2d 128 (2017) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)).  "Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order."  *In re Ohio Execution Protocol Litig.*, 845 F.3d at 236 (quoting *Father M. v. Various Tort Claimants* (*In re Roman Catholic Archbishop*), 661 F.3d 417, 424 (9th Cir. 2011)).  Ultimately, "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

### III. DISCUSSION

In submitting their respective proposed protective orders, it is clear the parties have made headway in narrowing their disputes.  After reviewing their proposals, the Court sees two remaining disputes.  First, Defendants request the inclusion of language that permits the parties to designate as confidential, material "produced or supplied by a nonparty other than pursuant to a formal discovery request."  Plaintiff, conversely, would like to limit confidential designations to materials produced by subpoenaed third parties.  Second, Defendants request that confidential information not be disclosed to their competitors.  Plaintiff proposes that confidential information be disclosed to, among others, "any other person, where counsel … in good faith determines the individual should be provided access to such information in order … to more effectively prosecute or defend this action."  Importantly, Defendants' proposed order also contains this language.

In regard to their first request, Defendants assert that it is a "reasonable restraint designed to protect confidential information, [and] do[es] not prevent Plaintiff from challenging Defendants' designations."  The Court agrees.  Given the confidential business information involved in this case, and, as Plaintiff does not propose contradictory language, the Court adopts

Defendants' proposed language designating as confidential material produced by a nonparty, other than pursuant to a formal discovery request. *See, e.g.*, *McNaughton-McKay, Elec. Co. v. Linamar Corp.*, No. 09-CV-11165, 2010 WL 2560047, at *3 (E.D. Mich. June 14, 2010) (finding a stipulated protective order that permitted the "designation of 'confidential' to documents produced by a non-party," sufficient to protect trade secret or other confidential information).

Turning to Defendants' remaining proposal, that their competitors be excluded from the list of persons entitled to receive confidential information, Defendants contend that "[a] current competitor of [Defendants'] is not needed as either a lay or expert witness in this matter in order for Plaintiff to prosecute his case." They additionally note that excluding these entities does not "shift the burden away from [Defendants] to persuade the Court that [their] confidentiality designations are appropriate." Again, the Court agrees and adopts Defendants' proposed language. As noted, the parties agree that a "good faith determination" must first be made before determining whether to grant an individual access to confidential information. Defendants' proposal simply adds the requirement that their competitors not, at least in the first instance, receive confidential items. Moreover, as Defendants note, whether Defendants' competitors or other third parties should ultimately gain access to disputed materials is, ultimately, a question for the Court. And Defendants will shoulder that burden.

Accordingly, in exercising its discretion under Rule 26(c), the Court **ADOPTS** Defendants' proposed protective order as the protective order in this case. The Court will enter the Protective Order in a separate order.

IT IS SO ORDERED.

Date: November 30, 2020  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE