UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAFWAT QASHQEESH,

           Plaintiff,

   v.

MONSTER BEVERAGE CORPORATION, et al.,

           Defendants.

Case No. 2:20-cv-03776
Judge Sarah D. Morrison
Magistrate Judge Jolson

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Compel Plaintiff's Answers to Interrogatories. (Doc. 47). For the following reasons, Defendants' Motion is **GRANTED in part and DENIED in part**. In addition, the parties are **ORDERED** to file a proposed case schedule within **seven (7) days** from the date of this Order.

### I. BACKGROUND

The instant action stems from a products liability case, originally filed in the Franklin County Court of Common Pleas, and subsequently removed to this Court. (Doc. 1). Plaintiff alleges that after discovering a dead rodent in a sealed can of an energy drink, manufactured and distributed by Defendants, he became ill and developed ongoing medical issues. (*See generally* Doc. 7). After removal, Defendants moved to dismiss. (Doc. 2). The Court granted in part and denied in part the Motion, and Defendants filed their Answer on December 12, 2020. (Docs. 27, 33). The Court held a preliminary pretrial conference on November 10, 2020, and thereafter issued a Scheduling Order (Doc. 30).

During the course of discovery, the parties have raised several discovery disputes with the Court. The first, on April 27, 2021, was about the authorizations for the release of medical records

from a number of third-party providers identified by Defendants. (Doc. 40). After a telephonic conference with the parties, the Court ordered Plaintiff to "execute and send the authorizations" within seven days. (*Id.*; Doc. 41). Plaintiff raised another discovery dispute, on June 17, 2021, this time relating to a subpoena he sent to third-party O-AT-KA Milk Products Cooperative, Inc. ("OATKA"). (Doc. 42). After Plaintiff and OATKA were ordered to work together to narrow the issues raised by the subpoena, the dispute was resolved. (Doc. 43).

Relevant to the instant Motion, on July 2, 2021, the parties raised yet another discovery dispute with the Court. (Doc. 44). Here again, the Court ordered the parties to meet and confer and work to resolve the dispute extrajudicially. (*Id.*). Ultimately, however, the parties were unable to reach a resolution, and the Court directed Defendants to file the instant Motion to Compel. (Doc. 46). Plaintiff responded (Doc. 49), and Defendants filed their Reply (Doc. 49). Accordingly, the Motion is ripe for review.

## II. STANDARD

Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 37 permits a discovering party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has in good faith conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a). And it allows for a motion to compel discovery when a party fails to answer interrogatories submitted under Rule 33 or to provide proper responses to requests for production of documents under Rule 34. *See* Fed. R. Civ. P. 37(a)(1), (3).

"The proponent of a motion to compel discovery bears the initial burden of proving that

2

the information sought is relevant." *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). "Relevant evidence" is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "While relevancy is broad, 'district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce.'" *Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, 335 F.R.D. 115, 119 (N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound, Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). At base, "the scope of discovery is within the sound discretion of the trial court." *Stumph v. Spring View Physician Practices, LLC*, No. 3:19-CV-00053-LLK, 2020 WL 68587, at *2 (W.D. Ky. Jan. 7, 2020) (quotation marks and citations omitted).

### III. DISCUSSION

Below, the Court addresses the interrogatory requests at issues, Defendants' request for fees, and case management going forward.

#### A. Interrogatory Requests

The interrogatories at issue seek "information concerning how Plaintiff contends a field mouse entered and remained in [the] energy drink during the pre-production process, escaped manufacturing safeguards and remained in a healthy and intact condition during processing and three months of deterioration while the can was on the shelf." (Doc. 47 at 2). For example, Interrogatory No. 1 calls for Plaintiff to "[d]escribe how the mouse remained in the can after the can was inspected by OATKA when it entered production." (Doc. 47-2 at 2).

There is no dispute that the information the interrogatories seek is relevant. Ultimately, the issue here is not whether the information is discoverable, but when. Defendants argue Plaintiff

3

failed to object timely to the interrogatories, and when he did, those objections were improper. (Doc. 47 at 3). Specifically, "Plaintiff objected that every interrogatory 'calls for a narrative response' and [said] he would provide a response at some undisclosed point in the future." (*Id.*). Defendants state that because Plaintiff's objections were both untimely and improper, he has waived any right to object to the interrogatories at issue. (*Id.* at 4; *see also* Fed. R. Civ. P. 33(b)(3)–(4)).

Plaintiff responds that "despite his attempts to procure foundational documents" from Defendants, he is "unable at this stage in discovery to substantively respond to [the] interrogatories." (Doc. 48 at 2). Accordingly, he asks the Court to "issue an Order pursuant to Fed. R. Civ. P. 33(a)(2) extending [his] time to respond to the [] interrogatories at such time as discovery concludes and expert reports are due." (*Id.*).

Up front, the Court recognizes that Plaintiff has waived any objection to the interrogatory requests at issue. Federal Rule of Civil Procedure 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Similarly, Rule 33(b)(4) holds that "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." The requests were sent to Plaintiff on May 13, 2021. (Doc. 47 at 3). So, under Rule 33(b)(2), Plaintiff's responses or objections were due by June 14, 2021. Plaintiff sent his objections June 15, 2021. (*Id.*). Further, the objections were improper. As Defendants correctly note, case law dictates that "calls for narrative" is an impermissible objection to an interrogatory request. *Babcock Swine, Inc. v. Shelbco, Inc.*, 126 F.R.D. 43, 45 (S.D. Ohio 1989) (holding that interrogatory requests may be "commands or seek narrative or other expansive detail[,]" [p]articularly when an opponent seeks a party's position on a matter"). Importantly,

4

Plaintiff does not contest that his objections were untimely or improper. He simply represents that he needs more discovery before he is able to properly answer these "contention interrogatories." (*See* Doc. 48 at 2–4). Plaintiff's last point warrants discussion.

"Contention interrogatories" take several forms. "They may ask a party to state what it contends, or whether it makes a specified contention; to state all the facts upon which it bases a contention; to state the legal or theoretical basis for a contention; and to explain or defend how the law invoked applies to facts." *Schweinfurth v. Motorola, Inc.*, No. 1:05CV0024, 2007 WL 6025288, at * (N.D. Ohio Dec. 3, 2007), *aff'd as modified*, No. 1:05CV024, 2009 WL 349163 (N.D. Ohio Jan. 26, 2009). Generally, this type of request is "perfectly permissible," even where it asks a party "to state the facts upon which it bases a specific claim[.]" *Advantage Indust. Sys., LLC v. Aleris Rolled Prod., Inc.*, No. 418CV00113JHMHBB, 2020 WL 4432415 at *2 (W.D. Ky. July 31, 2020).

Still, courts have recognized that it is sometimes appropriate for "contention interrogatories" to be deferred until the end of the discovery period. *Ross v. Abercrombie & Fitch Co.*, No. 2:05-CV-0819, 2010 WL 518169 (S.D. Ohio Feb. 4, 2010) (recognizing that "contention interrogatories" are often best postponed until the end of discovery, as "their primary purpose is to narrow the issues for trial"); *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D. Pa. 1992) ("[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete."). This is what Plaintiff asks the Court to do here. Specifically, he represents that given the lack of discovery obtained thus far, he is unable to "respond substantively to [Defendants'] interrogatories." (Doc. 48 at 7). Accordingly, he asks to defer his responses until discovery concludes and expert reports are due. (*Id.*).

Defendants object to this request for more time, arguing that "[a]n extension of time to respond is not warranted," because Plaintiff already has enough discovery to substantively answer the interrogatories. (Doc. 49 at 7). In addition, Defendants assert that any such extension would prevent them from "propounding supplemental discovery requests based on the responses and . . . meaningfully examine Plaintiff or his experts on these issues." (*Id*. at 8). Defendants' concerns have merit.

Courts have recognized that there are circumstances where "propounding contention interrogatories early in litigation may serve very legitimate and useful purposes[.]" *Advantage Industial Sys., LLC*, 2020 WL 4432415 at *3 (citing *Cleveland Const., Inc. v. Gilbane Bldg. Co.*, No. 05-471-KSF, 2006 WL 2167238, at *7 (E.D. Ky. July 31, 2006)). Sending this type of interrogatory early in litigation—even prior to any discovery taking place—can "help reduce the scope of the dispute but also help narrow the focus and the extent of discovery that needs to be taken and facilitate settlement discussions." *Id*. (explaining how propounding contention interrogatories early in litigation "is consistent with Fed. R. Civ. 11(b)(2) and (3)").

Ultimately, in considering the concerns of both sides, the Court sees fit to find some middle ground. While Plaintiff perhaps needs more discovery to respond fully to Defendants' interrogatory requests, Defendants are entitled to at least some answer now, especially because this case has been pending for over a year. Accordingly, Plaintiff is **ORDERED** to respond, to the best of his ability, to Defendants' interrogatories within **fourteen (14) days from the date of this Order**. Because the Court appreciates much of the answers to the interrogatory requests is dependent upon Plaintiff's expert(s) in this case, Plaintiff is further **ORDERED** to supplement his interrogatory responses within **seven (7) days after producing his primary expert report(s)**.

### B. Fees

In addition to seeking to compel Plaintiff's interrogatory responses, Defendants seek reasonable expenses incurred in drafting the instant Motion. (Doc. 47 at 10). Specifically, Defendants argue that an award of fees is appropriate given this Motion was only necessary because of Plaintiff's failure to diligently pursue discovery and answer its interrogatory requests. (Doc. 49 at 8–9). Plaintiff, for his part, argues that any sanction against him would be "improper[,]" and rather, the Court should sanction Defendants as they have not brought this Motion in "good faith." (Doc. 48 at 8–9).

Ultimately, the Court does not find the awarding of fees, for either party, appropriate here. Plaintiff's conduct, while concerning, does not warrant an award of fees under Rule 37. Said differently, Plaintiff should have made more effort to answer the interrogatory requests, but his position in not doing so was not entirely baseless. Similarly, the Court does not find Defendants bought the instant Motion in bad faith. To the contrary, Defendants' Motion has merit. Thus, any such fee award under these circumstances would be unjust. *See Spizizen v. Nat'l City Corp.* 516 F. App'x 426, 431 (6th Cir. 2013) ("Under Rule 37, [] the judge retains discretion in awarding sanctions, and it does not automatically require the awarding of sanctions when granting a motion to compel if there are 'circumstances [that] make an award of expenses unjust' . . . ."). And the parties' respective requests for attorney's fees are **DENIED**.

### C. Case Schedule

Finally, briefly, the Court must address the case schedule. On November 10, 2020, the Court held a preliminary pretrial conference and thereafter issued a Scheduling Order (Doc. 30). That case schedule has since been vacated. (Doc. 40). Accordingly, as there is currently no

7

scheduling order governing this matter, the parties are **ORDERED** to file a proposed case schedule **within seven (7) days** from the date of this Order.

IV. **CONCLUSION**

For the foregoing reasons, Defendants' Motion (Doc. 47) is **GRANTED in part and DENIED in part**. Plaintiff is **ORDERED** to respond, to the best of his ability, to Defendants' interrogatories within **fourteen (14) days from the date of this Order**. In addition, the parties are **ORDERED** to file a proposed case schedule within **seven (7) days** from the date of this Order.

IT IS SO ORDERED.


Date: August 17, 2021 /s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE